THE FOLLOWING ORDER
IS APPROVED AND ENTERED
AS THE ORDER OF THIS COURT:



DATED: November 13, 2014

_____
Pamela Pepper
Chief United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

Court Minutes and Order

| | |
|---|---|
| CHAPTER: | 11 |
| DATE: | November 6, 2014 |
| JUDGE: | Pamela Pepper |
| CASE NO: | 14-29136 |
| DEBTOR: | David A. Novoselsky |
| NATURE OF HEARING: | (1) Motion to Transfer; (2) Motion to Dismiss or to Transfer in the Alternative; (3) Two Motions to Adopt the Motion to Transfer; (4) Duane O'Malley's Motion for Relief; (5) Debtor's Motion for Relief; (6) Debtor's Application to Employ Accountant; (7) Duane O'Malley's Motion to Waive Filing Fee for his Motion for Relief; (8) Motion for Relief from Stay by Milijana Vlastelica |
| APPEARANCES: | Claire Ann Resop, attorney for the debtor |
| | David Novoselsky, the debtor |
| | Martin Cowie, accountant for the debtor |
| | James Dahl, attorney for MB Financial Bank |
| | Francisco Connell, attorney for North Shore Bank & Trust Co. |
| | Amy Ginsberg, attorney for the U.S. Trustee |
| | Len Leverson, attorney for Old Second National Bank |
| | John Xydakis, attorney for Marshall Spiegel and Cristina Zvunca |
| | Marshall Spiegel, creditor |
| | Milijana Vlastelica, creditor |
| LAW CLERK: | Emily Stedman |
| TIME: | 2:22 P.M. to 4:05 P.M. |

    The Court had scheduled this hearing to address a number of motions and pleadings filed since the July 18, 2014 petition date. The Court briefly summarized the history of the case, including the adjourned §341 meetings, the series of amendments to the schedules, and the stipulations to extend the time to object to discharge. The Court noted that Attorney Xydakis had filed a motion to cancel the §341 meeting, explaining that it had taken no action on that motion because it was the United States Trustee's office, not the Court, which scheduled, and re-scheduled or canceled, meetings of creditors. The Court also pointed out that the debtor had filed all of the required monthly

1

operating reports (MORs) and the relevant quarterly reports, and that the Court had entered an order approving the debtor's application to employ his attorney. The Court then turned to the items on today's calendar.

Issue #1: Motion to Dismiss

On August 25, 2014, creditor Marshall Spiegel had filed a motion to transfer venue. He did not file a notice of motion or deadline for filing objections, as required by the Eastern District's local rules. (Despite this fact, on September 24, 2014, creditor Tishler & Wald, Ltd. filed an objection to the motion to transfer venue. No one representing that creditor appeared at today's hearing.) Nine days later, on September 3, 2014, creditor Spiegel had filed a motion to dismiss, or in the alternative to transfer the case. He did notice this motion, providing an objection deadline of September 24, 2014. The motion alleged that cause existed to dismiss the case, because the debtor had engaged in misconduct in his capacity as an attorney, because the debtor had not disclosed assets, and because the debtor had exhibited a lifestyle while in bankruptcy that demonstrated that he had no good faith intent to pay creditors. On September 24, 2014, the debtor objected, responding that none of those allegations constituted grounds for dismissal of a Chapter 11 case and that the creditor had failed to show that dismissal would be in the best interest of all creditors. At today's hearing, the Court noted that creditor MB Financial had filed a motion to adopt the motion to dismiss, but subsequently had amended that motion to clarify that it had intended to adopt only the motion to transfer venue. Counsel for MB Financial stated, at today's hearing, that his client did not take a position on the motion to dismiss. The Court noted that the Shabos creditors also had filed a motion to adopt the motion, but that they had not appeared at today's hearing, nor did their attorney. Before reaching the merits of the motion, the Court stated that although creditor Spiegel had replied to the debtor's objection to the motion and to the debtor's objections to the motions to adopt, the Court would not consider those pleadings; the Court explained that in the Eastern District, an objection to a motion would trigger the Court's setting a hearing, and parties could make any additional arguments at that hearing, rather than continue a potentially extended volley of replies to replies to replies. Finally, the Court noted that it had received the "supplemental pleadings" Spiegel and creditor Milijana Vlastelica's supplemental pleadings filed the day before the hearing. The Court emphasized that all parties should make efforts to timely file pleadings in the future.

The Court gave each party an opportunity to present final arguments on the motion to dismiss. Attorney Xydakis asserted that the debtor had filed this case in Wisconsin in order to make it difficult for his creditors to pursue their claims. Counsel emphasized that the Code sought to protect the honest but unfortunate debtor, and argued that this debtor did not fall into that category.

2

He stated that Chapter 11 protected going concerns, but that this individual debtor did not constitute a "going concern." He argued that Chapter 11 also sought to maximize the estate for the benefit of all creditors, but argued that this debtor, according to the September MOR, had continued to spend estate funds in a profligate manner. Counsel argued that Illinois law would govern resolution of many of the claims, and questioned whether this Court had sufficient familiarity with Illinois law to capably resolve those issues. Counsel also pointed to the continued amendments to the debtor's schedules, which he believed arose from the debtor's dishonesty and attempts to hide assets.

The Court interjected that it understood that many of the creditors were former clients of the attorney-debtor, and felt that the debtor had engaged in misconduct and was not a good person. The Court reminded the parties, however, that the Code allowed people to file for bankruptcy protection regardless of whether they were "good guys" or "bad guys," and that it contained no provision for preventing "bad guys" from filing bankruptcy petitions. The Court stated that the Code allowed people to file for bankruptcy and to remain in bankruptcy until a party demonstrated that those people had either abused the process or violated the Code, and the Court stressed that abuse of the bankruptcy process not necessarily the same thing as engaging in misconduct in the debtor's capacity as an attorney. The Court asked the parties to avoid unnecessary *ad hominem* attacks, and to limit arguments to the confines of the Bankruptcy Code.

Creditor Milijana Vlastelica (who had not filed a motion to dismiss or joined Spiegel's motion) pointed the Court to the September MOR, emphasizing that the debtor had made significant post-petition purchases of firearms and had accrued post-petition debt even after the UST had told him at the §341 meeting that he could not do so. She indicated that the debtor had inappropriately included his office manager as a signatory on the DIP account, and had commingled his business and personal funds. Finally, she questioned the appropriateness of the debtor's expenses, including cable, telephone and insurance expenses, arguing that it appeared those expenses belonged to the debtor's LLC, not to the debtor in his individual capacity.

The debtor's attorney stressed that she had spent hours with the debtor making sure that he included all of the debtor's assets in the estate. She noted that she had responded to the inquiries of all the parties and had separated the business and personal funds in compliance with the UST's requests. She noted that neither creditor Spiegel nor creditor Vlastelica had judgments in their favor, and thus that their claims were valued at $0 on the schedules. Counsel argued that many of the allegations Spiegel had made went to the issue of feasibility, and argued that the Court should wait to address those issues until it was time to review the disclosure statement and plan.

3

Counsel for the UST reported that the debtor had agreed to remove the office manager from the DIP account and that the UST had worked extensively with the debtor to work out several other issues. She conceded that her office, like the creditors, had concerns with the case, including the compensation of the motorcycle auctioneer and the debtor's lifestyle. She noted, however, that this was early stages for a Chapter 11, that the debtor had been making attempts to address the trustee's concerns, and that she would, at this point, advocate the Court allowing the case to continue and to allow the trustee to continue to investigate. She suggested that it was premature for the Court to dismiss the case at this time.

The Court agreed with the UST that it was premature to dismiss the case. The Court stated that in its experience, it often took individual Chapter 11 debtors some time for them to process their post-petition financial realities in contrast to their pre-petition lifestyles. The Court stated that the MORs showed where money went every month, and predicted that the UST would keep a close eye on the debtor's spending. The Court recognized that the debtor had filed a series of amendments to the schedules and the MORs, but emphasized that the bankruptcy process allowed debtors to file such amendments, and that it was preferable to have debtors amend to make the statements accurate, rather than have the debtors leave the Court and creditors with an incomplete financial picture. The Court held that, at this stage in the case, it had no evidence of a deliberate failure to disclose assets. The Court also recognized the dispute between the parties regarding the amount of the creditors' claims. The Code, the Court pointed out, contained a detailed claims resolution process, which the parties could use to resolve such disputes. The Court also indicated that creditors were authorized under the Code to file adversary proceedings to object to the discharge of specific debts, and noted that several parties already had filed such complaints. For these reasons, the Court determined that cause did not exist to dismiss the case, and denied the motion to dismiss.

Issue #2: Motion to Transfer Venue

The Court noted that Spiegel's motions to transfer asked the Court to transfer the case to the Northern District of Illinois. Spiegel argued that many, if not all, of the individual creditors were located in Illinois, and that it would be inconvenient for those parties to have to travel to Wisconsin to participate in the case. The motion also alleged that the debtor had filed in Wisconsin as a means to evade creditors and with the intent of making it difficult for creditors to participate in the process. The debtor's objection asserted that the debtor resided in Wisconsin and that all of his assets were located in this state. Tishler & Wald's objection contained a similar argument.

The Court gave each party an opportunity to present final arguments. Counsel for Spiegel asserted that Illinois law would govern many of the claims and that because the debtor worked in Chicago every day, he would not face any hardship if the Court transferred the case. Counsel questioned whether he, as an Illinois lawyer, would have the ability to subpoena witnesses for a Wisconsin case. The Court encouraged anyone who shared that concern to review Federal Rule of Civil Procedure 45.

Counsel for MB Financial asked the Court to grant his motion to adopt the motion to transfer, but stated that his client sought to transfer the case solely based on convenience. He noted that all of the creditors who would take an active role in the case resided in Illinois and that the debtor worked in Chicago every day. Counsel did state, however, that if this Court's procedures allowed parties to appear by telephone, that would alleviate some of the inconvenience. The Court informed the parties that, per its local rules and the Court's own individual procedures, parties who lived more than thirty miles away from this Court could appear by phone, as long as they did not plan to present testimony or question witnesses and as long as they called the Court ahead of time to let the Court know that they would not be attending in person. The Court granted MB Financial's motion to adopt the motion to transfer venue.

Counsel for Old Second National Bank indicated that while his client was an Illinois-based banking association, this case involved a Wisconsin debtor and non-filing spouse (NFS). The creditor's collateral was located exclusively within Wisconsin. As a result, counsel argued that Wisconsin law, and not exclusively Illinois law, would play a significant role in resolving aspects of the case. He also noted that the debtor had filed a motion for the sale of assets, which his client hoped would occur promptly. Counsel asked that if the Court were considering transferring venue, that it refrain from doing so until those assets (motorcycles from the motorcycle museum) had been liquidated.

Counsel for the debtor argued that the debtor lived in Wisconsin, that his house was in Wisconsin, and that all of the significant assets were in Wisconsin. She asserted that the debtor had properly filed for bankruptcy relief in this district. She pointed out that if the Court were to transfer venue, any judgment creditor would have to come to Wisconsin to enforce the judgment and that Wisconsin marital law, exemption law, and real estate and property law would apply to the disposition of the assets.

The UST did not take a position on the motion to transfer venue.

The Court held that the debtor had properly filed the case in this district under §1408. The Court noted that under §1412, it had significant discretion to transfer a case, based either on the interests of justice or the convenience of

the parties. Citing In re Palmer Lake Place, LLC, 470 B.R. 511 (Bankr. W.D. Wis. 2012), the Court indicated that the party seeking the transfer bore the burden of proof, and that courts should exercise caution when transferring cases. Finally, the Court noted that transfer-of-venue decisions were very fact-bound.

The Court first addressed the interests of justice, stating that for that prong of the test, courts consider several factors: economic efficiency, judicial economy, the likelihood of a fair hearing, the public interest of the forum, the ability to enforce judgments, and whether any factors should disturb a debtor's original choice of forum. The Court opined that the debtor would receive a fair hearing in either district. It found that neither forum had a great public interest in having the proceeding take place within its confines. The Court concluded that the issue of judicial economy did not cut either way, because both Illinois and Wisconsin law would play a role in resolving the issues in the case. The Court agreed with the debtor, however, that all judgments would have to be enforced in Wisconsin, the location of the debtor's assets. Accordingly, the court concluded that the interests of justice did not weigh in favor of the motion to transfer.

The Court then turned to the convenience of the parties. This prong of the analysis turned on its own set of factors: proximity of the creditors, proximity of the debtor, proximity of witnesses, location of assets, economic administration of the estate, and the necessity of ancillary administration should liquidation occur. The Court stated that by its calculations, approximately thirty of the forty-four creditors were located in Illinois. The debtor, however, lived in Wisconsin. The Court found that the proximity of witnesses would depend on each particular claim, and noted that witnesses likely would come from Wisconsin, Illinois, and other places. The Court further concluded that if liquidation resulted, the ancillary administration would occur in Wisconsin.

After analyzing the factors as described above, the Court determined that no factor weighed heavily in favor of transfer. The Court, therefore, denied creditor Spiegel's motion to transfer venue.

Issue #3: Duane O'Malley's Motion for Relief from Stay

On September 22, 2014, creditor Duane O'Malley filed a motion for relief from stay in order to pursue his case against the debtor in the United States District Court for the Northern District of Illinois. The Court noted that the debtor had filed a limited objection, which asserted that the debtor did not concede any facts alleged in the motion and did not consent to the collection of any judgment that the creditor might receive. The objection stated, however,

that debtor did not object to the Court modifying the stay for the sole purpose of allowing the Illinois court to liquidate the claim. At today's hearing, counsel for the debtor confirmed that the debtor did not object to this modification of the stay.  Accordingly, the Court granted creditor O'Malley's motion to the extent that it asked the Court to modify the automatic stay to allow the creditor to pursue litigation in the Northern District of Illinois for the sole purpose of determining whether there was a judgment and the amount of that judgment.

Issue #4: Duane O'Malley's Motion for Waiver of Filing Fee

On October 8, 2014, creditor Duane O'Malley filed a motion to waive the $176 filing fee for his motion for relief from stay. The Court stated that 28 U.S.C. §1930 gave courts some discretion to waive certain filing fees, as long as that decision did not violate the purposes and policies of the Judicial Conference of the United States. The Court further stated that the Judicial Conference had express policies on filing fee waivers for Chapter 7 debtors, but had not commented on other sorts of fee waivers, leaving those to the discretion of the courts under certain circumstances. The Court noted that in Boydstun v. Boydstun, Adv. No. 12-1298, 2013 WL 211128 (Bankr. D.N.M. Jan. 18, 2013) and in In re Richmond, 247 Fed.Appx. 831 (7th Cir. 2007), courts had waived the filing fee for adversary complaints.  It concluded that the reasoning in these cases, as well as the language of §1930, gave the Court authority to waive fees in appropriate circumstances. Because this creditor was incarcerated and unemployed, the Court granted his motion for waiver of the filing fee.

Issue #5: The Debtor's Motion for Relief to Liquidate Claim of Marshal Spiegel

On September 30, 2014, the debtor filed a motion to modify the stay in order to pursue liquidation of creditor Spiegel's claim in court in Illinois.  At today's hearing, the Court asked counsel for the debtor to clarify the relief the debtor sought, given that it is unusual for a debtor to modify a stay to allow a creditor to litigate against that debtor in another forum. Counsel for the debtor indicated that creditor Spiegel had filed a cross-appeal in the debtor's Illinois lawsuit. Counsel sought relief so that the parties could complete the litigation to the extent necessary to allow the Illinois court to determine whether Spiegel had a judgment, and the amount of any such claim. The motion indicated that counsel for Spiegel had refused to stipulate to the debtor's request, and the Court noted that Spiegel had objected to the motion. At today's hearing, attorney Xydakis explained that he had filed the objection only because he wanted the Court to rule on the motion to dismiss/motion to transfer venue first.  Because the Court now had ruled that the case would continue, and would continue in the Eastern District of Wisconsin, he no longer had an objection to the debtor's motion to modify the stay.  Accordingly, the Court

overruled the objection and granted the debtor's motion to modify the stay. Attorney Resop will prepare the order.

Issue #6: The Debtor's Application to Employ an Accountant

On September 30, 2014, the debtor filed an application to employ Martin J. Cowrie as an accountant for the estate. The UST had filed an affidavit of no objection. Creditor Spiegel had filed an objection, questioning whether the accountant would work on behalf of the estate or on behalf of the debtor's corporate entities. At today's hearing, counsel for the debtor told the Court that the application clearly indicated that the accountant would work on behalf of the estate, and that the debtor's corporate entities had their own counsel. Hearing this, Attorney Xydakis indicated that this (as well as the Court's ruling on the motion to dismiss/transfer venue) mooted his concerns. Accordingly, the Court granted the application to employ Martin J. Cowrie as an accountant for the estate. Attorney Resop will prepare the order.

Issue #7: Milijana Vlastelica's Motion for Relief from Stay

On October 16, 2014, creditor Milijana Vlastelica filed a motion for relief from stay in order to pursue Illinois state-court litigation against the debtor. On October 21, 2014, the debtor objected, asserting that the creditor had not alleged any basis for relief under §362.

At today's hearing, the Court gave each party an opportunity to present final arguments on the motion. Creditor Vlastelica argued that the debtor had malpractice insurance, which he could use to pay any judgment she'd receive in the Illinois litigation. She also argued that because the debtor had committed fraud and conversion in his capacity as a fiduciary, he was prohibited from discharging his debt to her. She told the Court that she'd also sued the debtor's corporate entity in Illinois, and wondered whether the stay in this case prevented her from proceeding against the corporate entity. She made several arguments that made it sound as if she thought the Court would be transferring the Illinois state litigation to the Wisconsin bankruptcy court. The Court clarified that regardless of whether it granted or denied the motion for relief from stay, the creditor's state-court case would remain in Illinois; the stay meant only that it would be put on hold during the pendency of the bankruptcy case.

Counsel for the debtor reiterated that the creditor had not provided any causes for lifting the stay under §362. She also noted that the debtor's P.C. was not a party to the creditor's state-court action, that the debtor had not raised a malpractice insurance defense in that case, and that if the litigation continued it would harm and burden the estate and interfere with resolution of issues

8

critical to the bankruptcy case. Counsel noted that the debtor understood that the parties would have to liquidate the claim eventually, but objected to the Court allowing the creditor to continuing pursing the litigation at this juncture. After hearing from the parties, the Court denied the motion, agreeing that the creditor had not alleged cause under §362. Creditor Vlastelica questioned why the Court had granted O'Malley's and Spiegel's motions for modification of the stay, but not her own. She stated that she was teetering on the brink of trial in Illinois, was ready to go right away, and could have her state-court claim resolved much more quickly than could the other two. The Court reminded her that the debtor and the creditors had agreed with each other as to the modification of the stay, but that here, the debtor was not agreeing to the motion. The creditor made it clear that she did not agree with the Court's denial of her motion. The Court reminded the creditor that she had filed an adversary complaint objecting to discharge, and that her Illinois litigation would be waiting if she did not resolve the issues in the bankruptcy court.

Miscellaneous Issues

Before adjourning the hearing, the Court addressed several miscellaneous items. First, the Court addressed the debtor's motions to strike certain pleadings. The Court explained that because this Court used an electronic filing system, the Court did not have a mechanism for "striking" pleadings. The Court noted that the only thing it could do was to restrict pleadings from public viewing, and that was for the purposes of protecting personal information such as account numbers, health records or the identities of minors. The Court stated that it understood that many of the individual creditors were angry at the debtor and felt that he had done very bad things, but cautioned them to maintain a professional tone in their pleadings, and to cabin their arguments and pleadings to bankruptcy issues.

The debtor's counsel pointed out that docket entry no. 89—creditor Vlastelica's supplemental allegations in support of the motion to dismiss/transfer venue—was accompanied by a notice and provided an objection deadline. Counsel pointed out that this pleading did not constitute a motion, and wondered why parties would have a right to object to it. The Court agreed, and indicated that it would ask the Clerk's Office to delete that portion of the docket entry so that other parties to the case would not be confused. Counsel also noted that the Attorney Xydakis had been mailing pleadings directly to the debtor, and stated that because the debtor was represented by counsel, she would prefer that he mail pleadings directly to her. Attorney Xydakis agreed to amend his mailing list, and to mail pleadings to Attorney Resop on behalf of the debtor.

9

The Court indicated that it had seen the debtor's motion for the sale of the motorcycles pursuant to §363(b), as well as his application to employ a motorcycle broker. The debtor had provided an objection deadline of November 10, 2014; the Court told the parties that it would schedule a hearing on those matters if any party filed an objection.

The Court also noted that four adversary complaints had been filed, objecting to the dischargeability of various debts: (1) <u>Cushing III et. al. v. Novoselsky</u>, Adv. No. 14-2572; (2) <u>Spiegel v. Novoselsky</u>, Adv. No. 14-2577; (3) <u>Vlastelica v. Novoselsky</u>, Adv. No. 14-2579; and (4) <u>Ayres v. Novoselsky</u>, Adv. No. 14-2580. The Court stated that it had scheduled the initial pre-trial conferences on all four cases for January 5, 2015. **Parties wishing to appear by phone at the initial pre-trial conferences may do so by calling the Court's conference line at 888-684-8852 and using the access code 7183566#.**

**WHEREFORE**, for the reasons stated in more detail above, the Court ORDERS the following:

- The Court **DENIES** creditor Marshall Spiegel's motion to dismiss, or in the alternative, to transfer venue to the Northern District of Illinois.
- The Court **GRANTS** MB Financial's motion to adopt Marshall Spiegel's motion to transfer venue. The Court **DENIES** the motion to transfer venue.
- The Court **GRANTS** Duane O'Malley's motion for relief from the stay to the following extent: the Court **ORDERS** that the stay is **MODIFIED** to allow the Illinois court to liquidate creditor O'Malley's claim, to the extent that he has one. The stay remains in effect with regard to creditor O'Malley's ability to try to collect any resulting judgment, and for any other purpose identified in §362.
- The Court **GRANTS** Duane O'Malley's motion for waiver of the fee required for filing motions for relief from stay.
- The Court **DENIES** Milijana Vlastelica's motion for relief from stay.

#####