THE FOLLOWING ORDER
IS APPROVED AND ENTERED
AS THE ORDER OF THIS COURT:

DATED: November 17, 2017

G. Michael Halfenger
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

In re:

David A. Novoselsky,   Case No. 14-29136-GMH

Debtor.   Chapter 7

DECISION AND ORDER
ON (1) DEBTOR'S "MOTION FOR ISSUANCE OF RULE TO SHOW CAUSE" AND
(2) MOTION TO EXPEDITE

On November 13, 2017, the debtor filed docket number 1507, "Motion for Issuance of Rule to Show Cause", and docket number 1508, "Motion to Expedite Hearing and Response to Motion for Issuance of Rule to Show Cause". The show-cause motion asks the court to tell Tiberiu Klein, one of the debtor's long-time combatants, that Klein's recent lawsuit against the debtor in the United States District Court for the Northern District of Illinois violates 11 U.S.C. §362(a)'s automatic stay on litigation against the debtor and to "impose the appropriate sanction against Mr. Klein." CM-ECF Doc. No. 1507 at 2. The motion to expedite asks this court to act quickly because, if the

§362(a) stay doesn't apply, the debtor must respond to Klein's complaint. CM-ECF Doc. No. 1508 at 1.

Section 362(a) generally (with many irrelevant exceptions) enjoins acts to collect prepetition claims from the debtor as well as acts taken against property of the bankruptcy estate. When §362(a) is in full effect it bars efforts like Klein's to sue the debtor.

Here, however, the stay is no longer in full effect. On September 5, 2017, the court approved the debtor's written waiver of his chapter 7 discharge (CM-ECF Doc. No. 1403), which denied him a discharge. See 11 U.S.C. §727(a)(10) ("The court shall grant the debtor a discharge, unless— . . . (10) the court approves a written waiver of discharge executed by the debtor after the order for relief under this chapter"). The denial of discharge terminated the §362(a) stay except as to acts against property of the bankruptcy estate. 11 U.S.C. §362(c)(1) & (2)(C). See also *Smith v. Comm'r*, 96 T.C. 10, 15–16 (1991).

The debtor's motion alleges that Klein's Northern District of Illinois case seeks relief "against Debtor" and other defendants, including "private parties, public institutions, sitting and former judges, and a host of others." CM-ECF Doc. No. 1507 at 1. The motion does not contend that Klein seeks to obtain, control, or adjudicate rights in estate property. In fact, Klein's complaint seeks a judgment for damages, fees, and costs against all defendants, which includes the debtor, and declaratory and injunctive relief against the public official defendants "in their official capacity". Case No. 1:17-cv-7177 (N.D. Ill.), CM-ECF Doc. No. 1 at 76. Klein's prosecution of a complaint seeking to reduce a prepetition claim against the debtor to a money judgment is not an act against property of the estate for purposes of §362(a) and (c)(1)—the remaining

effect of the §362 stay in this case.

For these reasons, IT IS ORDERED that the court denies the debtor's show-cause motion (CM-ECF Doc. No. 1507). By promptly denying the show-cause motion, this order effectively grants the debtor's motion to expedite (CM-ECF Doc. No. 1508); the court otherwise denies that motion as moot.

This order does not modify or limit the continuing application of §362(a) to acts against property of the debtor's bankruptcy estate.

# # # # #